# United States District Court

## for the

## Middle District of Florida

## Tampa Division

**Carlos David Gamez,**

Plaintiff,

v.

**Pam Bondi,** in her official capacity as Attorney General of the United

States,

and

**Soldiers of the Cross of Christ High Springs,**

and

**Soldiers of the Cross of Christ Church, Inc.,**

Defendants.

Case No.: _8:25-cv-2940-MSS-TGW_

IFP

## Petition for Declaratory and Injunctive Relief
## Declaratory Relief Requested
## Permanent Injunctive Relief Requested
## Challenge to the Constitutionality of 42 U.S.C. § 12187

Plaintiff, Carlos David Gamez ("Plaintiff" or "Mr. Gamez"), brings this action against Defendants Pam Bondi, in her official capacity as Attorney General of the United States ("Attorney General"), Soldiers of the Cross of Christ High Springs ("SCCHS"), and Soldiers of the Cross of Christ Church, Inc. ("SCCC Inc."), and alleges as follows:

### *Introduction*

1. This is a civil rights action challenging the constitutionality of the religious organization exemption contained within Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12187. Plaintiff Carlos David Gamez, an individual with a disability who was denied access to a religious gathering because of architectural barriers, seeks a declaration that this exemption violates his fundamental rights under the First and Fifth Amendments to the United States Constitution. Plaintiff also seeks injunctive relief against the Attorney General to prevent enforcement of the

unconstitutional exemption and against SCCHS and SCCC Inc. to require compliance with the ADA's accessibility requirements.

2. Plaintiff contends that 42 U.S.C. § 12187 is unconstitutional because it denies him the equal protection of the laws by burdening his fundamental right to the free exercise of religion. The statute creates a classification that grants ADA protections to individuals with disabilities seeking access to secular public accommodations but denies those same protections to individuals seeking access to religious organizations for communal religious life. This classification penalizes religious exercise, lacks a compelling government interest, is not narrowly tailored, and fails strict scrutiny. Furthermore, § 12187 violates the Free Exercise Clause by conditioning a public benefit (ADA protection) on the secular nature of the activity and violates the Establishment Clause by demonstrating hostility toward religion and establishing a preference for secularism.

## *Jurisdiction and Venue*

3. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, as this action arises under the

Constitution of the United States (First and Fifth Amendments) and the laws of the United States (Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*).

4.  This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure and the inherent equitable powers of this Court.

5.  Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(e)(1)(C) because Plaintiff resides in this judicial district (specifically in Polk County, Florida), and one defendant is an officer of the United States sued in his official capacity.

6.  Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) and § 1391(e)(1)(B) because Defendant SCCHS resides in the Northern District of Florida where a substantial part of the events giving rise to the claim occurred, Defendant SCCC Inc. resides in the Southern District of Florida, and Defendant Attorney General resides in the District of Columbia, but Plaintiff resides in this District, making it proper under § 1391(e)(1)(C).

7. Assignment to the Tampa Division is appropriate under Local Rule 1.04(b) because Plaintiff resides in Polk County, Florida.

## *Parties*

8. Plaintiff, Carlos David Gamez, is a citizen of the United States of America residing in Lakeland, Polk County, Florida. Mr. Gamez is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102.

9. Defendant Pam Bondi is the Attorney General of the United States and is responsible for the administration and enforcement of the ADA, including Title III, 42 U.S.C. § 12188. She is sued in his official capacity only. Her official address is U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

10.    Defendant Soldiers of the Cross of Christ High Springs ("SCCHS") is, upon information and belief, a local church entity operating at 23677 NW 184th Avenue, High Springs, Alachua County, Florida, 32643. It is a religious organization that operates facilities used for religious services and other gatherings.

11.     Defendant Soldiers of the Cross of Christ, Inc. ("SCCC Inc.") is, upon information and belief, a Florida non-profit corporation with its principal address listed as 641 W Flagler Street, Miami, Miami-Dade County, Florida, 33130. Upon information and belief, SCCC Inc. exercises control over, owns property used by, or sets policies governing its affiliated local entities, including SCCHS.

## Factual Allegations

12.     Plaintiff Carlos David Gamez has a physical disability that necessitates the use of a power wheelchair for ambulation and significantly limits his ability to navigate architectural barriers such as steps or stairs.

13.     Plaintiff Carlos David Gamez adheres to the Christian faith, and participation in communal worship, religious instruction, and fellowship events with other believers constitutes a sincere and essential exercise of his faith.

14.     On or about October 24-26, 2025, Plaintiff Carlos David Gamez desired and attempted to attend a regional youth conference hosted or held at the facility operated by Defendant

SCCHS located at 23677 NW 184th Avenue, High Springs, Florida.

15.    This regional youth conference was an event held open to the general public, as well as being intended for members or prospective members of the denomination or faith community, constituting an important opportunity for religious exercise, instruction, and communion.

16.    The primary entrance and relevant gathering spaces within the SCCHS facility presented significant, insurmountable architectural barriers for Plaintiff Gamez. Specifically, Plaintiff encountered a flight of steep concrete steps leading to the main entrance with no ramp, lift, or alternative accessible entrance available.

17.    Due to these specific architectural barriers, Plaintiff Gamez was physically prevented from entering the SCCHS facility and participating in the regional youth conference alongside his peers and fellow believers on the date(s) in question.

18.    Plaintiff was thereby excluded from and denied the benefits of this significant religious gathering solely because of his

disability and the facility's inaccessibility. This exclusion caused Plaintiff harm, including the inability to exercise his religion through communion and fellowship, and feelings of segregation and dignitary harm.

19.    Upon information and belief, Defendant SCCHS, and potentially Defendant SCCC Inc., through ownership or policy, take the position that they are not required to remove these architectural barriers or otherwise comply with Title III of the ADA due to the exemption for religious organizations codified at 42 U.S.C. § 12187.

20.    But for the exemption provided by 42 U.S.C. § 12187, Defendant SCCHS, as an entity operating a facility used for gatherings which affect commerce, would be subject to the requirements of Title III of the ADA, including the obligation to remove architectural barriers where such removal is readily achievable.

21.    Title III requires places of public accommodation to remove architectural barriers in existing facilities where such removal is "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

22.     "Readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Factors include the nature and cost of the action, the overall financial resources of the facility and parent entity (if any), and the type of operation. This standard balances the need for access with the entity's circumstances.

23.     Upon information and belief, based on the nature of the barriers described (e.g., stairs at an entrance), the removal or provision of alternative access (e.g., installing a modular ramp, providing access through a different existing entrance, modifying a restroom) would be readily achievable for Defendant SCCHS, potentially with resources available through Defendant SCCC Inc.

### Constitutional and Statutory Framework

24.     Title III of the ADA, 42 U.S.C. § 12182(a), provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

25.     42 U.S.C. § 12187 states: "The provisions of this subchapter shall not apply to private clubs or establishments exempted from coverage under title II of the Civil Rights Act of 1964 (42 U.S.C. 2000a(e)) or to religious organizations or entities controlled by religious organizations, including places of worship."

26.     The First Amendment to the U.S. Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof..."

27.     The Due Process Clause of the Fifth Amendment to the U.S. Constitution provides: "No person shall... be deprived of life, liberty, or property, without due process of law..." This clause contains an equal protection component applicable to the federal government. *Bolling v. Sharpe*, 347 U.S. 497 (1954).

28.     The right to the free exercise of religion is a fundamental right protected by the First Amendment.

29.     When a government classification burdens the exercise of a fundamental right, it is subject to strict scrutiny under the equal protection principles derived from the Fifth Amendment. Such a classification must be narrowly tailored to achieve a compelling

governmental interest. *See Shapiro v. Thompson*, 394 U.S. 618, 634 (1969).

30.    The government may not deny a generally available public benefit to an individual or entity solely because the benefit is sought in a religious context or due to the religious status of the individual or entity. Such denial imposes an unconstitutional penalty on religious exercise and triggers the most exacting scrutiny. *See Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449 (2017); *Carson v. Makin*, 596 U.S. 767 (2022).

31.    Government action must be neutral toward religion and cannot be based on hostility towards religious belief or practice. *See Kennedy v. Bremerton School Dist.*, 597 U.S. 507 (2022).

## Count I – Violation of the Free Exercise Clause of the First Amendment (Against Defendant Attorney General)

32.    Plaintiff re-alleges and incorporates paragraphs 1 through 31 as if fully set forth herein.

33.    The right to be free from disability discrimination and to have meaningful access to public life, as guaranteed by Title III of

the ADA, constitutes a generally available public benefit enacted by Congress to ensure equal opportunity.

34.    42 U.S.C. § 12187 explicitly denies this public benefit to Plaintiff Gamez and others similarly situated when they seek access to facilities operated by religious organizations for the purpose of exercising their religious beliefs through communal worship, fellowship, or participation in religious events like the youth conference.

35.    This denial conditions the availability of ADA protection on the secular nature of the activity Plaintiff wishes to access. It forces Plaintiff to choose between participating in his religious community and receiving the legal protection against disability discrimination afforded in secular contexts, thereby imposing an unconstitutional penalty on Plaintiff's fundamental right to the free exercise of religion, triggering strict scrutiny.

36.    The government does not have a compelling interest in categorically denying ADA protections to individuals with disabilities seeking to participate in religious life in facilities open for such gatherings. While avoiding unconstitutional

entanglement is a legitimate interest, it does not justify a blanket exemption, especially when the ADA's own "readily achievable" standard already provides a constitutionally sufficient mechanism to avoid imposing undue financial or administrative burdens on any entity, including religious ones.

37.     42 U.S.C. § 12187 is not narrowly tailored or the least restrictive means to serve any alleged compelling government interest and thus fails strict scrutiny. The statute is overbroad because it exempts religious organizations even where compliance would be readily achievable and imposes no burden on religious doctrine or governance.

38.     Alternatively, even if 42 U.S.C. § 12187 is not facially unconstitutional, the statute is unconstitutional *as applied* to Plaintiff Gamez. By denying Plaintiff ADA protection for an event held open to the general public, where compliance would be readily achievable, the statute's exemption penalizes his religious exercise under circumstances where no compelling government interest is served. As applied here, the statute is not narrowly tailored and fails strict scrutiny.

39.     As a direct result of this unconstitutional statute, Plaintiff has been denied a legal remedy for the discrimination he faced and continues to face potential exclusion from religious activities.

40.     Plaintiff is entitled to a declaration that 42 U.S.C. § 12187 violates the Free Exercise Clause and an injunction prohibiting its enforcement by the Attorney General.

## Count II – Violation of the Establishment Clause of the First Amendment (Against Defendant Attorney General)

41.     Plaintiff re-alleges and incorporates paragraphs 1 through 40 as if fully set forth herein.

42.     42 U.S.C. § 12187 creates a legislative scheme where access to nearly all facets of public secular life ("commerce") is protected from disability discrimination, while access to communal religious life ("communion") is explicitly left unprotected.

43.     Alternatively, even if 42 U.S.C. § 12187 is not facially unconstitutional, the statute violates the Establishment Clause *as applied* to Plaintiff. By singling out a religious organization for an exemption from a generally applicable law, even when that organization holds a religious event open to the general public, the

14

statute demonstrates an impermissible, non-neutral preference for secular activities over religious ones. This application of the exemption, particularly where compliance would be readily achievable and impose no burden on religious belief, fails the neutrality required by the First Amendment and establishes a government preference for secularism in violation of the Establishment Clause.

44.    This distinction demonstrates governmental hostility towards religion by implicitly treating participation in religious community life as less worthy of protection against discrimination than participation in secular commercial or social life. It fails the neutrality required by the Establishment Clause and establishes an impermissible preference for secular activities over religious ones for individuals with disabilities seeking access.

45.    Alternatively, 2 U.S.C. § 12187 singles out SCCHS and SCCC Inc. for a complete exemption from the generally applicable accessibility requirements of the ADA, even though it hosted a publicly open ministerial event. This categorical exemption, which directly harms Plaintiff by enabling his exclusion from

participation in his religious community, goes beyond permissible accommodation and constitutes an impermissible, non-neutral preference favoring SCCHS's and SCC Inc.'s institutional interests over similarly situated secular venues and over the rights of individuals like Plaintiff.

46.    This blanket exemption is not narrowly tailored to the government's legitimate interest in protecting religious autonomy or avoiding entanglement, especially *as applied* to Plaintiff's situation. Less restrictive means—namely, the ADA's own "readily achievable" and "undue hardship" standards, which apply to all other public accommodations—already exist to protect Defendant Church from unreasonable financial or administrative burdens without necessitating Plaintiff's complete exclusion. By providing a categorical exemption far broader than necessary, which directly results in Plaintiff's significant third-party harm (exclusion from religious life), the government has established an impermissible preference in violation of the Establishment Clause.

47.    By granting this overbroad, non-neutral exemption, the government fails the requirements of the Establishment

Clause. As applied to Plaintiff, the law creates a system where his ability to access public life is protected in secular settings but explicitly unprotected when he seeks to participate in his own religious community at Defendant Church's public ministerial event, directly harming his ability to practice his faith due to an unnecessary legislative preference that imposes the cost of the exemption entirely on him.

48.    Plaintiff is entitled to a declaration that 42 U.S.C. § 12187, as applied to him under these circumstances, violates the Establishment Clause and an injunction prohibiting its enforcement by the Attorney General.

## Count III – Violation of the Equal Protection Component of the Fifth Amendment (Against Defendant Attorney General)

49.    Plaintiff re-alleges and incorporates paragraphs 1 through 45 as if fully set forth herein.

50.    42 U.S.C. § 12187 creates a classification on its face that distinguishes between two groups of individuals with disabilities based on the nature of the facility they seek to access: (a) those seeking access to secular places of public accommodation, who

receive full ADA protection; and (b) those seeking access to religious organizations for communal religious exercise, who are denied ADA protection.

51.    This classification directly burdens and penalizes the fundamental right of Plaintiff Gamez and similarly situated individuals to the free exercise of religion, by denying them the legal means and remedies necessary to access places essential for their religious practice and community participation.

52.    Because this classification burdens a fundamental right, 42 U.S.C. § 12187 is subject to strict scrutiny.

53.    Alternatively, even if the classification is not facially unconstitutional, 42 U.S.C. § 12187 is unconstitutional *as applied* to Plaintiff. As applied here, the statute's classification burdens his fundamental right to free exercise by denying him access to a public event, and this classification is not narrowly tailored to any compelling interest.

54.    As alleged in Count I, the government lacks a compelling interest justifying this classification, and the blanket exemption is not narrowly tailored or the least restrictive means to achieve any

legitimate interest. The classification arbitrarily denies protection based on the religious nature of the venue, unrelated to the feasibility of providing access.

55.    Therefore, 42 U.S.C. § 12187 violates the equal protection component of the Fifth Amendment's Due Process Clause.

56.    Plaintiff is entitled to a declaration that 42 U.S.C. § 12187 is unconstitutional and an injunction prohibiting its enforcement by the Attorney General.

## Count IV – Discrimination under Title III of the ADA – 42 U.S.C. § 12182 (Against Defendants SCCHS and SCCC Inc.)

57.    Plaintiff re-alleges and incorporates paragraphs 1 through 56 as if fully set forth herein.

58.    Defendant SCCHS owns, leases (or leases to), or operates the facility at 23677 NW 184th Avenue, High Springs, Florida. Defendant SCCC Inc., upon information and belief, controls, owns property used by, or sets policies for SCCHS. Said facility is used for gatherings and its operations affect commerce.

59.    Defendants discriminated against Plaintiff Gamez on the basis of his disability by failing to ensure that the SCCHS facility

was readily accessible to and usable by individuals with disabilities, thereby denying him the full and equal enjoyment of the facilities, privileges, advantages, or accommodations offered at the regional youth conference.

60.    Defendants failed to remove architectural barriers, as described in paragraph 16, where such removal was readily achievable.

61.    The statutory exemption found at 42 U.S.C. § 12187, upon which Defendants rely or could rely, is unconstitutional for the reasons set forth in Counts I, II, and III, and thus provides no defense to Defendants' non-compliance with the ADA.

62.    Therefore, Defendants are subject to the requirements of Title III of the ADA and have violated 42 U.S.C. § 12182.

63.    Plaintiff has suffered, and will continue to suffer, irreparable harm in the absence of injunctive relief, as he remains unable to access future religious events and activities at the SCCHS facility.

64.    Plaintiff is entitled to injunctive relief requiring Defendants SCCHS and SCCC Inc. (to the extent of its control or responsibility) to remove architectural barriers at the SCCHS

facility to the extent readily achievable, and to make such other modifications as necessary to ensure the facility is readily accessible to and usable by Plaintiff and other individuals with disabilities as required by the ADA.

## Prayer for Declaratory and Injunctive Relief

WHEREFORE, Plaintiff Carlos David Gamez respectfully requests that this Court enter judgment in his favor and against Defendants, granting the following relief:

A. A declaratory judgment that 42 U.S.C. § 12187 is unconstitutional on its face and/or as applied to Plaintiff, because it violates the Free Exercise Clause of the First Amendment, the Establishment Clause of the First Amendment, and the equal protection component of the Due Process Clause of the Fifth Amendment;

B. A permanent injunction prohibiting Defendant Attorney General Pam Bondi, his successors, officers, agents, servants, employees, and all persons in active concert or participation with him, from enforcing or applying 42 U.S.C. § 12187;

C. A permanent injunction requiring Defendants Soldiers of the Cross of Christ High Springs and Soldiers of the Cross of Christ

21

Church, Inc. (to the extent of their respective responsibility and control) to comply fully with Title III of the Americans with Disabilities Act with respect to the facility located at 23677 NW 184th Avenue, High Springs, Florida, including ordering them to remove architectural barriers therein where such removal is readily achievable, and to make such other modifications as necessary to ensure said facility is readily accessible to and usable by Plaintiff and other individuals with disabilities;

D. An award of reasonable attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205 and any other applicable law; and

E. Such other and further relief as this Court deems just and proper.

Dated: October 27, 2025

Respectfully submitted,

*Carlos Gamez*

**Carlos David Gamez**, Plaintiff *Pro Se*

3492 Narrows Drive, Lakeland, FL 33810

(863) 210-6101

carlos.d.gamez10@gmail.com